SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal. Bar No. 168646
JAY T. RAMSEY, Cal. Bar No. 273160
ALYSSA M. SHAUER, Cal. Bar No. 318359
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:    310.228.3701
E mail       ccardon@sheppardmullin.com
             jramsey@sheppardmullin.com
             ashauer@sheppardmullin.com

*Attorneys for Defendants*
CARTER'S, INC. and THE WILLIAM CARTER
COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| TODD SIMON, for Himself, as a Private Attorney General, and/or On Behalf Of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CARTER'S, INC.; THE WILLIAM CARTER COMPANY; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 20CV361777<br><br>**NOTICE OF REMOVAL** |

　　　　PLEASE TAKE NOTICE that Carter's, Inc. and The William Carter Company (collectively, "Carter's"), the defendants in the above-referenced action, which was commenced in the Superior Court of California for Santa Clara County, captioned *Todd Simon v. Carter's, Inc.*, Case No. 20CV361777 (the "State Court Action"), hereby invokes the removal jurisdiction of the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and Federal Rule of Civil Procedure, Rule 81(c), asserting original federal jurisdiction under 28 U.S.C. §§ 1332(d)(2) and 1453(b).  The following is a short, plain statement of the grounds for removal.  *See* 28 U.S.C. § 1446(a).

## I. <u>DESCRIPTION OF THE ACTION</u>

Plaintiff Todd Simon ("Plaintiff") filed a Complaint in the State Court Action on January 14, 2020 and served Carter's on January 27, 2020.  The claims against Carter's arise out of its use of various pricing statements in a transaction with Plaintiff.  Plaintiff purports to act on behalf of a putative class of "[a]ll residents of the State of California who, within the applicable limitations period, purchased from a Carter's-branded brick-and-mortar store located in California one or more products which was advertised or promoted by displaying or disseminating a reference price or discount."  Complaint at ¶ 84.  The Complaint asserts the following causes of action: (a) violation of Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*; (b) violation of the False Advertising Law, California Business and Professions Code § 17500 *et seq.*; (c) violation of Unfair Competition Law, California Business and Professions Code § 17200 *et seq.*; (d) permanent public injunctive relief; and (e) declaratory relief.  Plaintiff additionally filed a First Amended Complaint ("FAC") in the State Court Action on February 18, 2020 and served on February 21, 2020, which purports to represent the same class of individuals and states the same causes of action.

The nature of the action is more fully stated in the Complaint, a true and correct copy of which is attached hereto as Exhibit A.  A true and correct copy of the FAC is attached hereto as Exhibit B.

## II. <u>BASIS FOR REMOVAL</u>

The Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").  CAFA provides that federal courts have original jurisdiction and removal jurisdiction in class actions where (a) minimal diversity of citizenship exists; (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (c) the primary defendants are not states, state officials or government entities against whom the federal court may be foreclosed from ordering relief; and (d) there are more than 100 people in the putative class.  28 U.S.C. § 1332(d)(2); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007).  As set forth below, this action is removable under CAFA.

**A.     Diversity Of Citizenship Exists**

Diversity of citizenship is established under CAFA for "a class action in which (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Thus, only minimal diversity is required, and is satisfied where the sole named class member plaintiff is a citizen of a state different from the sole named defendant.

Minimal diversity is met here because the sole named plaintiff and named defendants are citizens of different states. Plaintiff was a resident and citizen of the State of California at the time of filing of the Complaint and at all times relevant to the action. Complaint, ¶ 6. Further, as of the time of filing of this action and today, Carter's, Inc.[1] is a Delaware corporation with its corporate headquarters in Atlanta, Georgia and The William Carter Company is a Massachusetts corporation with its corporate headquarters in Atlanta, Georgia. *Id.*, ¶¶ 7-8. Carter's principal operations are not located in California. *Id.* The existence of Doe defendants 1 through 10, named in Plaintiff's Complaint, does not deprive this Court of jurisdiction because the citizenship of fictitious and unknown defendants are disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332; *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("unknown defendants sued as 'Does' need not be joined in a removal petition").

**B.     The Amount In Controversy Exceeds $5,000,000**

Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Where the plaintiff has not demanded a sum certain in the complaint, the defendant must only prove the amount in controversy by a preponderance of the evidence for purposes of determining CAFA removal jurisdiction. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007); *cf. Gugliemino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the party seeking removal must "prove with legal

---

[1] Carter's, Inc. does not operate Carter's retail stores and is thus not a proper party to this dispute.

certainty" the amount in controversy only when the state court complaint affirmatively alleges an amount in controversy *less than* the jurisdictional threshold).

The amount in controversy allegation in a notice of removal should be accepted as true when not contested by a plaintiff or questioned by the court. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). If the court is uncertain about whether all matters in controversy meet the $5,000,000 jurisdictional threshold under CAFA, "the court should err in favor of exercising jurisdiction over the case." *Kearns v. Ford Motor Co.*, 2005 U.S. Dist. LEXIS 41614, *19 (C.D. Cal. Nov. 18, 2005) (citing Senate Judiciary Committee Report, S. REP. No. 109-14). While Carter's denies that Plaintiff or the purported class members are entitled to any relief, in determining the amount in controversy the Court must assume that allegations in the Complaint are true and that Plaintiff will ultimately prevail. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) ("the ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe").

While Plaintiff does not demand a sum certain, the minimum amount in controversy is nonetheless satisfied based on the face of the Complaint. Plaintiff seeks "disgorgement or restitution, including, without limitation, disgorgement of all revenues, profits and/or unjust enrichment that each Defendant obtained, directly or indirectly, from Plaintiff and each members [sic] of the Class." Complaint, Prayer at ¶¶ 2.b. Plaintiff also seeks actual, punitive and exemplary damages on behalf of the putative class. *Id.*, Prayer at ¶¶ 2.f-g. The Complaint further states that "the Class easily comprises hundreds of thousands of individuals." *Id.* at ¶ 86. The Complaint therefore suggests that Plaintiff is seeking the price paid for "virtually all" products sold in its retail stores in California during a four-year period. *Id.* at ¶¶ 1, 52; *see also* Cal. Bus. & Prof. Code § 17208; Cal. Civ. Code § 1783; Cal. Code Civ. Proc. §§ 338(a), 338(d), 338(h). Based on sales in the three years prior to the filing of the Complaint in California alone, the amount in controversy exceeds $5 million. Declaration of Mike Rubringer at ¶ 4.

Plaintiff additionally requests attorneys' fees.  *Id.*, Prayer at ¶¶ 2.h.  Although Carter's denies that Plaintiff is entitled to such fees, the Court should take attorneys' fees into account in ascertaining the amount in controversy even where an award is discretionary.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  Similarly, the cost of complying with injunctive relief may be considered in determining the amount in controversy.  *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002).  Therefore, Plaintiff's broadly alleged claims for monetary, injunctive, and declaratory relief place more than $5,000,000 at issue in this action.

**C.     Putative Class Exceeds 100 Class Members**

Plaintiff alleges in the Complaint that, while he does not know the exact number of potential class members, "the Class easily comprises hundreds of thousands of individuals." Complaint, ¶ 86.  Because there is no dispute that the putative class—as currently defined by Plaintiff on the face of the Complaint—includes more than 100 people, the class size requirement of CAFA is met.

**D.     Carter's Is a Private Entity**

Defendant Carter's, Inc. is "a corporation chartered under the laws of the state of Delaware."  *Id.*, ¶ 7.  Defendant The William Carter Company is a corporation "chartered under the laws of the state of Massachusetts."  *Id.*, ¶ 8.  Thus, as disclosed on the face of the Complaint, Defendant is not a state, state official, or governmental entity.  *See* 28 U.S.C. § 1332(d)(5). Accordingly, Carter's legal status does not defeat removal jurisdiction.

**III.     THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER**

A case may be removed within thirty days of formal service on the removing defendant. 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) (30-day time period in which to remove triggered by date of formal service, not date when "courtesy copy" was faxed to defendant).  Service was effected on January 27, 2020.  This Notice of Removal is therefore timely because it is filed within thirty days of service on Carter's.

1    Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a)

2  and 1446(a) because the State Court Action was filed and is pending in the Superior Court of

3  California for Santa Clara County, which is within this district.

4    Pursuant to 28 U.S.C. § 1446(d), Carter's is simultaneously giving notice to the Santa

5  Clara County Superior Court and to the Plaintiff of this removal.  In compliance with 28 U.S.C. §

6  1446(a), a true and correct copy of the Complaint is attached as Exhibit A, a true and correct copy

7  of the FAC is attached as Exhibit B, and true and correct copies of the remaining pleadings,

8  process, and orders served or filed in this action are attached as Exhibit C.  There are no other

9  named defendants whose consent would be required for removal.  *See* 28 U.S.C. § 1453(b).

10             **IV.    CONCLUSION**

11    For all the reasons set forth above, Carter's requests that the State Court Action pending

12  before the Superior Court of the State of California for Santa Clara County be removed to the

13  United States District Court for the Northern District of California as if originally filed herein.

14  Dated:  February 26, 2020          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

15

16                 By

17                    P. CRAIG CARDON
                    JAY T. RAMSEY
18                    ALYSSA M. SHAUER

19                    *Attorneys for Defendants*
                    CARTER'S, INC. and THE WILLIAM CARTER
20                    COMPANY

21

22

23

24

25

26

27

28